IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LORNA NEMBHARD,

        **Plaintiff,**

v.

BARRETT DAFFIN FRAPPIER
LEVINE & BLOCK, LLP, JP
MORGAN CHASE BANK,
NATIONAL,

        **Defendants.**

1:17-cv-00746-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Lorna Nembhard's ("Plaintiff") "Emergency Injunction to Halt Wrongful Foreclosure and Request to Produce Original Note, with Mortgage Schedules, Warranty Deed, Land Titles With All Endorsements from Level III Audit," contained in her Complaint [1].

**I.   BACKGROUND**

On November 29, 1996, Plaintiff obtained a loan in the amount of $68,967.00 from Fidelity National Mortgage Corporation ("Fidelity National"). (Security Deed [1.4] at 2). Repayment of the loan was secured by a deed ("Security Deed") to real property located at 6422 Wedgeview Drive, Tucker, Georgia (the "Property"). (Id.). Under the terms of the Security Deed, Plaintiff

"grant[ed] and convey[ed] to [Fidelity National] and [Fidelity National's] successors and assigns, with power of sale, the [Property]." (Id.).

On May 14, 2016, Fidelity National assigned its rights under the Security Deed to Chase Manhattan Mortgage Corporation ("Chase Manhattan").[1] (Assignment [1.2]).

At some point, it appears that Plaintiff defaulted on her loan obligations.

On March 1, 2017, Plaintiff, proceeding *pro se*, filed her Complaint, asserting claims for "[c]ommon law mortgage fraud,"[2] (Count 1), Lack of Standing (Count 2), "[v]iolations to [sic] Federal and State Laws" (Count 3), and "fraudulent practices" (Count 4). Plaintiff also appears to assert claims for violation of the Real Estate Settlement Procedures Act ("RESPA") and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. The crux of Plaintiff's claims is that Defendants JPMorgan Chase Bank National ("JPMorgan") and Barrett Daffin Frappier Levine & Block, LLP (together, "Defendants") lack standing to foreclose on the property based on perceived

---

[1]  It appears that Chase Home Finance, LLC "is the successor by merger of Chase Manhattan Mortgage Corporation, and, in turn, merged into JPMorgan Chase Bank, N.A., effective May 1, 2011." See Harris v. Chase Home Fin., LLC, No. 4:11-cv-0116-HLM, 2011 WL 13131289, at *2 (N.D. Ga. Dec. 21, 2011).

[2]  Plaintiff's reference to violations of "common law mortgage fraud" is unclear.

defects in the assignment and the transfer of her mortgage.  Plaintiff seeks injunctive relief, compensatory and punitive damages, attorney's fees and litigation costs.  Plaintiff also seeks a declaration that "Plaintiffs [sic] []have the right to not be given misleading and fraudulent information from JPMorgan Chase Bank claiming to have authority in servicing rights."  (Compl. at 37).

Plaintiff's Complaint also appears to include a request for preliminary injunctive relief, "to halt all commencing actions executed outside the statutes and Rule of Law [sic] that deprives Plaintiff of a State liberty interest regarding wrongful foreclosure injuriously instituted [sic] . . . ."  (Compl. at 10-11).

## II.   DISCUSSION

### A.   Legal Standard for Preliminary Injunctive Relief

To be eligible for a temporary restraining order ("TRO") or preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, a movant must show: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.  See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005); Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

Preliminary injunctive relief is a drastic and extraordinary remedy which should not be granted unless the movant can clearly establish each of the four elements. Four Seasons Hotels and Resorts v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003).

The elements for a TRO are essentially the same as for a preliminary injunction, except that "[t]he motion must be supported by allegations ... that such [irreparable] injury is so imminent that notice and hearing would be impractical if not impossible." Hernandez v. Board of Regents, 1997 WL 391800, *1 (M.D. Fla. 1997) (quoting Chase Manhattan Bank v. Dime Savings Bank of New York, 961 F. Supp. 275, 276 (M.D. Fla. 1997)). Fundamentally, TROs are "designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." 11A Wright & Miller, Federal Practice & Procedure: Civ.2d § 2951.

 B. Analysis

  1. Federal Law Claims

The Court has carefully reviewed Plaintiff's Motion for Injunctive Relief and the allegations in her Complaint. Plaintiff appears to assert violations of RESPA and the FDCPA against Barrett Daffin Frappier Levine & Block, LLP. Although RESPA provides a basis for certain government officers to seek

4

injunctions, 12 U.S.C. § 2607(d)(4), only monetary relief is available for private individuals alleging RESPA violations, 12 U.S.C. § 2605(f).  The Court is unable to grant Plaintiff's request for an injunction under RESPA.

Equitable relief is likewise unavailable to private claimants under the FDCPA.  Sibley v. Fulton DeKalb Collection Serv., 677 F.2d 830, 834 (11th Cir. 1982) (holding that equitable relief is not available to an individual under the civil liability section of the [FDCPA]").  Even if the FDCPA provided for injunctive relief, the FDCPA "applies only to debt collectors and not to creditors or mortgage servicers."  Hennington v. Greenpoint Mortg. Funding, Inc., Nos. 1:09-cv-00676-RWS; 1:09-cv-00962-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009); see 15 U.S.C. § 1692a(6).  Defendants are not "debt collectors" under the FDCPA merely because they try to collect a debt owed to them by Plaintiff.  The Court is unable to grant Plaintiff's request for an injunction under the FDCPA and RESPA and thus Plaintiff does not have a substantial likelihood to prevail on the merits of her federal claims.

### 2. State Law Claims

To support a claim for wrongful foreclosure under Georgia law, a plaintiff must show "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and

damages." All Fleet Refinishing, Inc. v. West Georgia Nat'l Bank, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006). "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." DeGoyler v. Green Tree Serv., LLC, 662 S.E. 2d 141, 147 (Ga. Ct. App. 2008) (quoting Brown v. Freedman, 474 S.E. 2d 73, 75 (Ga. Ct. App. 1996)).

Plaintiff asserts that she is likely to prevail on the merits of her wrongful foreclosure claim because Defendants lack standing to foreclose on the Property. It is undisputed that Plaintiff executed the Security Deed and granted to Fidelity National title to the Property, with the power of sale. (Security Deed [1.4] at 2). Under the terms of the Security Deed, Plaintiff "grant[ed] and covey[ed] to [Fidelity National] and [Fidelity National's] successors and assigns, with power of sale, the [Property]." (Id.). On May 14, 2016, Fidelity National assigned its rights under the Security Deed to Chase Manhattan. (Assignment [3.3]). In May 2011, Chase Manhattan merged into JPMorgan Chase Bank, N.A. See Harris, 2011 WL 13131289, at *2; see also Burgin v. Fed. Loan Mortg. Corp., No. 1:13-cv-01391-TWT-GGB, 2013 WL 12067481, at *2 (N.D. Ga. July 19, 2013) ("On January 1, 2005, Chase Manhattan merged with and into Chase Home Finance LLC. . . [and] [o]n May 1, 2011, Chase Home Finance [LLC] merged with and into JPMorgan Chase Bank, N.A."). As a result of the merger, JPMorgan "thereby acquired all

6

rights contained in the subject Security Deed, including the power of sale." Id.; see also O.C.G.A. § 7-1-536(c) (in a merger, "each party . . . shall cease to exist as a separate entity but shall continue in, and the parties to the [merger] shall be, a single corporation"). JPMorgan is thus entitled to exercise the power of sale in the Security Deed. See O.C.G.A. § 23-2-114.[3]

To the extent Plaintiff argues that the Assignment is a "defected [sic] and fraud," (see [1] at 4), Plaintiff is not a party to the Assignment and she therefore lacks standing to challenge its validity. See Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was

---

[3]   O.C.G.A. § 23-2-114 provides:

> Powers of sale in deeds of trust, mortgages and other instruments shall be strictly construed and shall be fairly exercised. . . . Unless the instrument creating the power specifically provides to the contrary, a personal representative, heir, heirs, legatee, devisee, or *successor of the grantee in a mortgage*, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, *or an assignee thereof*, or his personal representative, heir, heirs, legatee, devisee, *or successor may exercise any power therein contained*; and such powers may so be exercised regardless of whether or not the transfer specifically includes the powers or conveys title to the property described.

O.C.G.A. § 23-2-114 (emphasis added). The Security Deed discloses no intent on the part of Plaintiff to restrict JPMorgan from assigning its rights, including power of sale, under the Security Deed. Rather, Plaintiffs unequivocally granted to JPMorgan, its successors or assigns, the right to foreclose and sell the Property in the event of Plaintiff's default.

contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a)), which provides that an action based on a contract can be brought only by a party to the contract); Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 891 (11th Cir. 2013) (citing Montgomery).[4]  Plaintiff has not shown that the assignment by Fidelity National to Chase Manhattan was ineffective.

Plaintiff next argues that JPMorgan lacks standing to foreclose on the Property because it does not hold the Security Deed and Note.  Variations of these arguments have been repeatedly rejected under Georgia law.  See, e.g., You v. JP Morgan Chase Bank, 743 S.E.2d 428, 431-433 (Ga. 2013) ("splitting" ownership of a note from ownership of a deed not expressly prohibited under Georgia law);

---

[4]  Even if she did have standing to challenge it, to the extent Plaintiff argues that the Assignment was "created in fraud," (see [1] at 5), the Court notes that the Assignment was executed by Heidi Morrow and Beth Henderson as Vice President and Assistant Vice President, respectively, contains the signatures of a witness and was notarized and recorded. See O.C.G.A. § 44-14-64 (transfer of security deed shall be witnessed as required for deeds); id. § 44-2-21 (deed executed outside of Georgia must be attested by two witnesses, one of whom may be a notary public); id. § 14-5-7(b) (1992) (amended 2011) (providing, when First Assignment was executed, that transfer of security deed signed by corporate officer, including assistant vice president, is conclusive evidence that officer occupies position indicated; officer's signature is genuine; and execution of instrument on behalf of corporation has been duly authorized); Deutsche Bank Nat'l Trust Co. v. JPMorgan Chase Bank, N.A., 704 S.E.2d 823 (Ga. Ct. App. 2010) (under pre-amendment version of O.C.G.A. § 14-5-7(b), security deed executed by assistant vice president valid on its face).

Crespo v. Coldwell Banker Mortg., 599 F. App'x 868, 872 (11th Cir. 2014) (quoting You v. JP Morgan Chase Bank, 743 S.E.2d at 433) ("Possession of a valid security deed is sufficient 'to exercise the power of sale in accordance with the terms of the deed even if [the lender] does not hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.'"); Fabre v. Bank of Am., N.A., 523 F. App'x 661, 665 (11th Cir. 2013) ("Actual possession of the note is not required for a secured creditor seeking non-judicial foreclosure."). Plaintiff has failed to show a substantial likelihood of success on the merits of her claim that the mortgage is void because the note and deed have been severed.

Finally, it appears that Plaintiff is not current on her loan obligations. Failure to make the proper loan payments or tender the amount due defeats any claim for wrongful foreclosure. See Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale); Sellers v. Bank of

Am., Nat'l Ass'n, No. 1:11-cv-3955-RWS, 2012 WL 1853005, at *3 (N.D. Ga. May 21, 2012) (while plaintiffs alleged that defendants lacked authority to foreclose, plaintiffs failed to allege sufficient facts to show that they suffered any damage as a result).

The Court finds that, taking the allegations of the Complaint as true, JPMorgan is lawfully entitled to foreclose on Plaintiff's property and Plaintiff thus has not shown a substantial likelihood of success on the merits of her wrongful foreclosure claim.  Plaintiff's request for injunctive relief is required to be denied.

Even if she can prevail on her claims, Plaintiffs fail to show that she lacks an adequate remedy at law, including because statutory damages are available for violations of the FDCPA.  See Bolin v. Story, 225 F.3d 1234, 1342 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.").  Additionally, because Plaintiff seeks monetary damages for her wrongful foreclosure claim, Plaintiff possesses an adequate remedy at law.  See Roylston v. Bank of Am., N.A., 660 S.E.2d 412, 417 (Ga. Ct. App. 2008).

To the extent Plaintiff's Complaint could be construed as a Motion for TRO, Plaintiff's conclusory allegations are insufficient to show that "such [irreparable]

injury is so imminent that notice and hearing would be impractical if not impossible."  See  Hernandez, 1997 WL 391800, at *1 (quoting Chase Manhattan Bank, 961 F. Supp. at 276); see also Nicholson v. Onewest Bank, No. 1:10-cv-0795-JEC/AJB, 2010 WL 2732325, at *5 (N.D. Ga. April 20, 2010) ("Plaintiff's potential injury under these circumstances does not constitute irreparable injury, because Plaintiff has not been paying the amount due on her mortgage to anyone . . . [s]he has not protected herself by tendering the amount in default to the Clerk of Court.  Therefore, any injury she suffers . . . can adequately be compensated with damages for being dispossessed from a home in which she has in effect been living rent-free.").

The Court also finds that the threatened injury to Plaintiff does not outweigh the harm JPMorgan will suffer since JPMorgan is lawfully entitled to foreclose on Plaintiff's property.  The Court finds further that Plaintiff "has not made any argument, must less presented any evidence . . . that entry of relief would serve the public interest."  Id.  Plaintiff's request for injunctive relief is denied.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Injunctive Relief, contained in her Complaint [1], is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **REFERRED** to a Magistrate Judge for all pretrial matters.

**SO ORDERED** this 6th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE