IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LORNA NEMBHARD, | : | CIVIL ACTION NO. |
| | : | 1:17-CV-0746-WSD-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BARRETT DAFFIN FRAPPIER | : | |
| LEVINE & BLOCK, LLP, and | : | |
| JP MORGAN CHASE BANK, | : | |
| NATIONAL, | : | **FINAL REPORT AND** |
| | : | **RECOMMENDATION ON A** |
| Defendants. | : | **MOTION TO DISMISS** |

Plaintiff Lorna Nembhard, proceeding *pro se*, filed the Complaint in this action on March 1, 2017, against Defendants JPMorgan Chase Bank National ("JPMorgan Chase") and Barrett Daffin Frappier Levine & Block, LLP ("Barrett"). Plaintiff claims that the Defendants lack standing to foreclose on the property based on alleged defects in the assignment and transfer of her mortgage. Plaintiff seeks injunctive relief, compensatory and punitive damages, attorney's fees, and litigation costs.

The action is now before the Court on the Motion to Dismiss Plaintiff's Complaint [6] filed by JPMorgan Chase, the Motion to Dismiss [7] filed by Defendant Barrett (collectively the "Motions to Dismiss"), and the "Plaintiff's Motion for Default Judgment against Barrett, Daffin, Frappier, Levine & Block LLP Never Answered to the Complaint Introduction") [10] ("Motion for Default Judgment"). For

the reasons discussed below, the undersigned **RECOMMENDS** that Defendants'

Motions to Dismiss [6][7] be **GRANTED** and that all of Plaintiff's claims be

**DISMISSED**. In sum, the Court concludes that, as a matter of law, Plaintiff's claims

must be dismissed on *res judicata* grounds. Moreover, the Court also finds that

Plaintiff's claims must be dismissed because she has failed to assert a plausible claim

for relief under any of the theories presented in the Complaint. The undersigned

further **RECOMMENDS** that Plaintiff's Motion for Default Judgment [10] be

**DENIED**.

## I.      BACKGROUND

###       A.      *Plaintiff's First Action*

On October 29, 2013, Plaintiff Lorna Nembhard filed an action in the Superior

Court of Gwinnett County against JPMorgan Chase and Martin & Brunavs ("First

Action"). *See* JPMorgan Chase Mot., Ex. A [6-2] (complaint in Superior Court Case

No. 13-A-09220-9). Plaintiff styled her complaint in the First Action as an

"Emergency Petition for Stay of Previous Discharge Order and Injunction to Halt

Foreclosure of Petitioner's Property Due to an Illegal Transfer and Failure by

Respondents to Produce Original Note, Schedules, Warranty Deed Show Voluntary

Consent." *See id.* In the First Action, Plaintiff asserted claims for violation of 42

U.S.C. § 1983 and various state laws based on perceived defects in the assignment of

her mortgage and JPMorgan Chase's alleged lack of standing to foreclose on the Property. *See id.* Plaintiff alleged that "the controlling issues are whether or not Respondents' [sic] have established rights to Petitioner's real property under unsecured debt." *Id.* at ¶ 2.

On November 27, 2013, the First Action was removed to this Court, as Civil Action No. 1:13-CV-3957-WSD. On April 29, 2014, Judge Duffey entered an Order dismissing Plaintiff's claim for violation of 42 U.S.C. § 1983 on the basis that neither defendant was a state actor, and remanding the action to the Superior Court to address the remaining state law claims after declining to exercise supplemental jurisdiction. *See* JPMorgan Chase Mot., Ex. B [6-3]. On July 10, 2014, the Superior Court granted JPMorgan Chase's Motion to Dismiss the First Action. *See* JPMorgan Chase Mot., Ex. C [6-4], at 4 ("As to the claim that Respondents are unable to produce the Note, there is no such legal requirement."). Thereafter, Plaintiff filed a Motion for Reconsideration, which was also denied by the Superior Court on November 3, 2014. *See* JPMorgan Chase Mot., Ex. D-E [6-5][6-6]. Plaintiff's appeals to the Georgia Court of Appeals were also denied. *See* JPMorgan Chase Mot., Ex. F-H [6-7]-[6-10].

On October 26, 2016, the Superior Court entered an Order granting JPMorgan Chase's Motion for Bill of Peace and permanently enjoining Plaintiff from "filing or serving any pleadings or suits related to the foreclosure and disposition of the

3

[Property]" in the action without prior permission. *See* JPMorgan Chase Mot., Ex. K [6-12], at 3.

B.    *Plaintiff's Current Action*

On March 1, 2017, Plaintiff filed an "Emergency Injunction to Halt Wrongful Foreclosure and to Request to Produce Original Note, with Mortgage Schedules, Warranty Deed, Land Titles with ALL Endorsements from Level III Audit" [1] ("Complaint") in this Court. The allegations set forth below are taken from the Plaintiff's Complaint [1] and its attached exhibits.

On November 29, 1996, Plaintiff obtained a mortgage loan in the amount of $68,967.00 from Fidelity National Mortgage Corporation ("Fidelity National"). Comp., Ex. D [1-4], at 2 (Security Deed dated November 29, 1996). The loan was secured by a deed ("Security Deed") to the Plaintiff's residence located at 6422 Wedgeview Drive, Tucker, Georgia 30084 (the "Property"). *Id.* Under the terms of the Security Deed, Plaintiff "grant[ed] and convey[ed] to [Fidelity National] and [Fidelity National's] successors and assigns, with power of sale, the [Property]." *Id.* On May 14, 2016, Fidelity National assigned its rights under the Security Deed to Chase

Manhattan Mortgage Corporation ("Chase Manhattan"). Comp., Ex. B [1-2] ("Assignment").[1]

In the Complaint, Plaintiff alleges that there is "no evidence presented by Defendants perfecting JPMorgan Chase Bank as creditor instead of the alleged lender Fidelity National Mortgage Corp or Fidelity National Bank." Comp. at ¶ 4. She states that she "disputes the validity of the 'Assignment and Transfer of Mortgage' because bifurcation of the Note to claim the Note was lost created a nullity and cloud around the titles under contract law; rendering the alleged assignment to JPMorgan Chase Bank an illegal transaction unsupported by any endorsements on the Note." *Id.* at ¶ 8. Plaintiff claims that the "alleged assignment is defected and fraud." *Id.* at ¶ 10.

Plaintiff asserts multiple counts in the Complaint. In Count I, she asserts a claim for "common law mortgage fraud." *Id.* at ¶¶ 1-19. In Count II, she asserts a claim for "Barrett Daffin Frappier Levine & Block, LLP or JPMorgan Chase Bank Lack Standing." *Id.* at ¶¶ 20-68. In Count III, she asserts a claim for "Violations to Federal and State Laws." *Id.* at ¶¶ 69-106. In that count, Plaintiff appears to assert claims for violations of the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt

---

[1] It appears that Chase Home Finance, LLC "is the successor by merger of Chase Manhattan Mortgage Corporation, and, in turn, merged into JPMorgan Chase Bank, N.A., effective May 1, 2011." *Harris v. Chase Home Fin., LLC*, No. 4:11-cv-0116-HLM, 2011 WL 13131289, at *2 (N.D. Ga. Dec. 21, 2011); *see also* Order [4] dated March 7, 2017; JPMorgan Chase Br. [6-1] at 20.

Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and she also references the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* In Count IV, she asserts a claim for "Fraudulent Practices" and "Violations of Plaintiff's civil rights: Depriving a right of Property Fourteenth Amendments pursuant to 42 U.S.C. § 1983" *Id.* at ¶¶ 107-119.

## II.    DISCUSSION

Defendants have filed Motions to Dismiss, arguing that all the claims asserted against them in the Complaint must be dismissed because the claims are barred by the doctrine of *res judicata*. Defendants argue further that, even if the Plaintiff's claims were not barred by *res judicata*, the claims must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The Court agrees with Defendants that the Plaintiff's claims are barred by the principle of *res judicata*. Further, the Court finds that, even if Plaintiff's claims were not barred by *res judicata*, her claims are otherwise subject to dismissal for failure to state a claim.

### A.    *Res Judicata*

Defendants first argue that the Plaintiff's claims asserted in this action are barred by the doctrine of *res judicata*, because the Plaintiff previously asserted largely the same claims against JPMorgan Chase in the First Action and those claims were dismissed for failure to state a claim.

Under the principle of *res judicata*, or claim preclusion, a final judgment on the merits in a civil action operates to preclude a party, or those in privity with that party, from re-litigating in a subsequent proceeding issues that were or could have been raised in the original action. *Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981); *see Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). The doctrine is "a rule of fundamental and substantial justice, of public policy and of private peace," operating to protect defendants against multiplicious litigation over the same claims, and accordingly, may not be overridden based on equitable considerations. *Federated Dep't Stores*, 452 U.S. at 401 (internal quotes omitted). "The doctrine of *res judicata* is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies. As to the parties to the prior proceeding and their privies, *res judicata* constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action." *Baptiste v. IRS*, 29 F.3d 1533, 1539 (11th Cir. 1994).

The doctrine of *res judicata* applies if the following four elements are present: (1) there is a final judgment on the merits of the first action; (2) the first decision was rendered by a court of competent jurisdiction; (3) the parties to both actions, or those in privity with them, are identical, and (4) the causes of action in both suits are

identical, or the claims asserted in both suits arise out of the same events or the same nucleus of facts. *See Manning v. City of Auburn*, 953 F.2d 1355, 1358-59 (11th Cir. 1992); *Richardson v. Alabama State Bd. of Educ.*, 935 F.2d 1240, 1244 (11th Cir. 1991); *Hart v. Yamaha-Parts Distrib., Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986); *Ray v. Tennessee Valley Auth.*, 677 F.2d 818, 821 (11th Cir. 1982). Significantly, *res judicata* does not bar only those claims actually raised in the first suit; it also bars those claims which the plaintiff *could* have raised in the prior suit, if those claims arise out of the same transactions or events at issue in the prior suit. *See O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000).

A court may consider the defense of *res judicata* in a motion to dismiss filed pursuant to Rule 12(b)(6) when the existence of the defense can be judged from the face of the complaint. *Starship Enter. of Atlanta, Inc. v. Coweta Cnty.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013). The court may also take judicial notice of another court's orders in doing so. *See Tuscano v. Evening Journal Assoc.*, 179 Fed. Appx. 621, 623 n.3 (11th Cir. 2006).

In this case, Defendant JPMorgan Chase has established that all four elements are present with respect to the Plaintiff's claims brought in this action. In the First action, a final judgment was entered by this Court, and the Superior Court of Gwinnett County, courts of competent jurisdiction. A dismissal with prejudice is a final decision

8

on the merits.[2] *Hart v. Yamaha–Parts Distributors, Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986) ("A dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise."). Furthermore, the parties to both actions are identical, or are otherwise in privity with the same parties. In the First Action, the Plaintiff named as defendants JPMorgan Chase and its law firm acting as its agent, Martin & Brunavs. In this action, Plaintiff has named as Defendants JPMorgan Chase and its law firm acting as its agent, Barrett.

Finally, although the Plaintiff's claims in the two actions are not identical, her claims in this action arise out of the same events or the same nucleus of facts as the claims asserted in the First Action. In both cases, Plaintiff based her claims on her allegation that JPMorgan Chase does not have standing to foreclose on her Property because it has not produced the original Promissory Note or otherwise proven that it is the owner of the Note. *See, e.g., Maxwell v. U.S. Bank Nat'l Assoc.*, 544 Fed. Appx. 470, 472 (5th Cir. Oct. 13, 2013) (a lawsuit challenging the validity of a foreclosure sale based on the defendant's alleged lack of standing to foreclose was barred by *res judicata* even though prior suit occurred before foreclosure sale, because "these prior

---

[2] According to the documents attached to the Complaint, the Plaintiff obtained a default judgment against the law firm of Martin & Brunavs. *See* Comp., Ex. A [1-1]. Plaintiff does not dispute, however, that her claims against JPMorgan Chase were dismissed for failure to state a claim.

suits clearly arise from the same operative facts as this case. For this reason, this case involves the same causes of action as the prior cases.").

The Court further finds that, even if the Plaintiff's claims were not barred by *res judicata*, her argument that JPMorgan Chase lacks standing to foreclose on her Property is barred by collateral estoppel because that issue was adjudicated in the First Action. Issue preclusion, or collateral estoppel, "bars the relitigation of matters that were actually litigated and decided in a prior suit." *Pelletier v. Zweifel*, 921 F.2d 1465, 1501 (11th Cir.1991). The application of collateral estoppel, or issue preclusion, requires that "(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action." *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985). The Court finds that all of those factors are present in this case; thus, all of Plaintiff's claims in this case based on her theory that JPMorgan Chase lacks standing to foreclose are barred by collateral estoppel.

Thus, because the Plaintiff's claims asserted in this action arose out of the same events at issue in the First Action, *res judicata* bars the Plaintiff from reasserting those claims in this action. For that reason, the undersigned **RECOMMENDS** that the

10

Defendants' Motions to Dismiss [6][7] be **GRANTED** and that all of Plaintiff's claims be **DISMISSED**. Moreover, even if the Plaintiff's claims were not barred by the principle of *res judicata*, the Plaintiff's claims must be dismissed for failure to state a claim for relief, as discussed below.

      B.    *Standard on a Motion to Dismiss*

Defendants have also moved to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief

survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

Although the Supreme Court requires a plaintiff to allege sufficient facts to state a plausible claim for relief, because Plaintiff is proceeding *pro se* in this case, the Complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*; *see also Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008); Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice"). A court may not, however, rewrite inadequate pleadings—including those filed by *pro se* plaintiffs—to plead essential allegations. *See Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995). Moreover, although a *pro se* complaint is held to less stringent standards than formal pleadings drafted by attorneys, "the Court need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery*

*v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006). Nothing in the leniency accorded a *pro se* filing excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002).

As noted above, a court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6), but when a plaintiff has referred to documents in the complaint and such documents are central to the plaintiff's claims, a court may consider those documents as part of the pleadings in the case and may consider them in resolving a Motion to Dismiss. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal"). Thus, documents attached to the motion to dismiss may be considered if the document is both central to the plaintiff's claim and undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the

centrality requirement imposed in *Horsley*."). "'Undisputed' means that the authenticity of the document is not challenged." *Day*, 400 F.3d at 1276.

Moreover, the Eleventh Circuit has made it clear that when a plaintiff attaches exhibits to a complaint and the exhibits contradict the allegations of the complaint, the exhibits control. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

> Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.

*Id.*; *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)); *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").

In this case, Plaintiff has referred to various documents in the Complaint, including the Security Deed, and the assignment of the Security Deed from Fidelity National to Chase Manhattan. Comp., Ex. B, D. Those documents may be considered part of the pleadings for all purposes. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Moreover, the Defendants have attached copies of the Security Deed and Assignment, as well as copies of the pleadings, motions, and orders from the First Action to their motions. Because the documents submitted by the Defendants are central to the Plaintiff's claims, and because she has not challenged the authenticity of them, they may be considered as part of the pleadings in this case in resolving the Motion to Dismiss. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). Furthermore, the Court may take judicial notice of public records without converting the Defendants' Motions to Dismiss into motions for summary judgment. *See Universal Express Inc., v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district court may consider.") (citations omitted); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The

district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

    C.   *Plaintiff's Claims*

        1.   Shotgun Pleading

Defendant Barrett argues that Plaintiff's Complaint must be dismissed because it is an impermissible shotgun pleading. Barrett Br. [7-1] at 14-15. A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). When a plaintiff presents a shotgun pleading, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Shotgun pleadings also characteristically fail to specify which defendant is responsible for each act alleged. *Beckwith*, 146 F. App'x at 372 ("It is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant."). The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" these shotgun pleadings, *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008), because such pleadings "wreak havoc on the judicial system." *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir.

2001). Further, a complaint that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions," is considered an impermissible shotgun pleading. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

The Court agrees with Barrett and finds that Plaintiff's Complaint in this action is a shotgun pleading. The Complaint repeats various factual allegations, and apparently intends to refer to each factual allegation as support for each claim. In Count III of the Complaint, the Plaintiff asserts a claim for "Violations to Federal and State Laws," and references various statutes, including the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and leaves it up to Defendants and the Court to piece together the specific factual allegations that Plaintiff might have intended to support these purported claims for relief. More importantly, the Complaint fails to indicate what actions each Defendant took that allegedly violated the law. Specifically, Plaintiff does not allege how Defendant Barrett did anything illegal, and refers to it as a "Foreclosure Mill" without explaining what actions it took violated which specific statute. *See* Comp. at ¶ 23.

The Court's typical practice in the face of an incomprehensible and improper shotgun complaint, particularly one filed by a *pro se* plaintiff, is to allow the plaintiff an opportunity to amend the complaint before the Court recommends dismissal with prejudice. In this case, however, the Plaintiff's allegations demonstrate that she cannot state a claim for relief under any legal theory. Accordingly, the Court finds that allowing the Plaintiff to amend her complaint would be futile. Thus, the Court **RECOMMENDS** that the Complaint be dismissed as a shotgun pleading. Nevertheless, the Court will consider the merits of Plaintiff's claims, as best as the Court can discern them. As explained below, the result is the same, because Plaintiff's allegations do not suggest any viable cause of action.

### 2. Mortgage Fraud

In Count I of the Complaint, Plaintiff asserts a claim for "common law mortgage fraud." Comp. at ¶¶ 1-19. She alleges that there is "no evidence presented by Defendants perfecting JPMorgan Chase Bank as creditor instead of the alleged lender Fidelity National Mortgage Corp or Fidelity National Bank." *Id.* at ¶ 4. She states that she "disputes the validity of the 'Assignment and Transfer of Mortgage' because bifurcation of the Note to claim the Note was lost created a nullity and cloud around the titles under contract law; rendering the alleged assignment to JPMorgan Chase Bank an illegal transaction unsupported by any endorsements on the Note." *Id.*

18

at ¶ 8. Plaintiff further claims that the "alleged assignment is defected and fraud." *Id.* at ¶ 10.

To the extent that the Plaintiff is basing her claim of "common law mortgage fraud" on her claim that JPMorgan Chase is not the rightful holder of the Note, the Georgia Supreme Court has held that a foreclosing entity is not required to be the holder of the note in order to authorize the power of sale under a security deed. *See You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428, 433 (Ga. 2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").

Moreover, to the extent Plaintiff is intending to challenge JPMorgan Chase's standing to foreclose because of alleged improprieties in the Assignment of the Security Deed from Fidelity National to Chase Manhattan, the Court finds that Plaintiff lacks any standing to challenge the Assignment of the Security Deed because she was not a party to it. *See Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1251 (11th Cir. 2015) ("a person who is not a party to a contract, or an intended third-party beneficiary of a contract, lacks standing to challenge or enforce a contract under Georgia law"); *Haldi v. Piedmont Nephrology Assocs., P.C.*, 641 S.E.2d 298, 300 (Ga. Ct. App. 2007) (the plaintiff did not have standing to challenge the contract because

he was neither a party to the contract nor an intended beneficiary of it); *Breus v. McGriff*, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) ("[S]trangers to the assignment contract . . . have no standing to challenge its validity.").

In Count I, the Plaintiff also makes various references to the Defendants' "securitizing" her loan. *See* Comp. at ¶ 7 ("PSA requires mandatory steps in securitizing Plaintiff loan and the Defendant failed to follow the PSA"). To the extent that Plaintiff is basing her claim of "common law mortgage fraud" on her allegation that the alleged securitization of her mortgage loan invalidated JPMorgan Chase's authority to foreclose under the Security Deed, the Court also finds that Plaintiff has failed to state a claim for relief. Courts have uniformly rejected claims that securitization, insurance, or credit default swaps negate a borrower's obligations or a creditor's ability to foreclose. *See, e.g., Montoya v. Branch Banking & Trust*, Civil Action No. 1:11-CV-1869-RWS, 2012 WL 826993, at *4 (N.D. Ga., March 9, 2012) ("[T]he Court is unaware of any legal authority–and Plaintiff points to none–that supports the proposition that the securitization of a debt relieves the debtor of her obligation to repay."); *Lefont v. SunTrust Mortg., Inc.*, Civil Action No. 2:10-CV-036-RWS-SSC, 2011 WL 679426, at *1-2 (N.D.Ga. Jan.27, 2011), Report and Recommendation adopted in 2011 WL 674749 (N.D. Ga. Feb. 16, 2011) (dismissing complaint based on pooling of securities allegation); *Searcy v. EMC Mortg. Corp.*,

Civil Action No. 1:10-CV-0965-WBH, slip op. at 2 (N.D.Ga. Sept. 30, 2010) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure.").

The undersigned thus finds that Plaintiff has failed to state a plausible claim for relief against the Defendants for "common law mortgage fraud." Accordingly, the undersigned **RECOMMENDS** that Defendants' Motions to Dismiss [6][7] be **GRANTED** with respect to Count I of the Complaint.

### 3.    Standing

In Count II of the Complaint, Plaintiff asserts a claim for "Barrett Daffin Frappier Levine & Block, LLP or JPMorgan Chase Bank Lack Standing." Comp. at ¶¶ 20-68. Plaintiff alleges that "Defendant Foreclosure Mill **Barrett Daffin Frappier Levine & Block, LLP** is without standing to institute a foreclosure because the language in the Security Deed express the right to the Lender and Successors. Defendant JPMorgan Chase Bank is neither the lender nor creditor and have not disputed they gave Plaintiff any consideration to claim legal tender." *Id.* at ¶ 23 (emphasis in original). Plaintiff also alleges that JPMorgan Chase, Chase Home

Finance LLC, and Chase Manhattan "are not rightful owners of said residential Real Property without producing the Note together with the Security Deed." *Id.* at ¶ 38.

As discussed above, to the extent Plaintiff is challenging the Defendants' standing to foreclose on the Property because of alleged improprieties in the Assignment of the Security Deed from Fidelity National to Chase Manhattan, the Plaintiff lacks any standing to challenge the Assignment of the Security Deed because she was not a party to it. *See Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1251 (11th Cir. 2015) ("a person who is not a party to a contract, or an intended third-party beneficiary of a contract, lacks standing to challenge or enforce a contract under Georgia law"); *Haldi v. Piedmont Nephrology Assocs., P.C.*, 641 S.E.2d 298, 300 (Ga. Ct. App. 2007) (the plaintiff did not have standing to challenge the contract because he was neither a party to the contract nor an intended beneficiary of it); *Breus v. McGriff*, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) ("[S]trangers to the assignment contract . . . have no standing to challenge its validity.").

Furthermore, to the extent that Plaintiff is arguing that JPMorgan Chase must "produce the note" in order to proceed with a foreclosure on the Property, that argument is meritless. A demand to "produce the note" is often asserted as a defense to a foreclosure action in state court. *See, e.g., Frazier v. National City Bank, NA*, 2005 WL 2671371, at *4 (S.D. Ohio Oct. 19, 2005). The argument has been rejected

in Georgia and other states. *See, e.g., Bacon v. Decatur Federal Savings & Loan Ass'n*, 313 S.E.2d 727, 728 (Ga. Ct. App. 1984) (the best-evidence rule was inapplicable in connection with admission of copies of original notes and security deeds; production of originals not required); *Tanner v. Batson*, 166 So. 545, 546 (Fla. 1936) (alleged failure to produce original note or establish satisfactory reason for its absence held not fatal).

Non-judicial foreclosures in Georgia are governed by O.C.G.A. §§ 44-14-162, *et seq*. These statutes regulate the manner in which non-judicial foreclosure sales are conducted. *See Global Indus. v. Harris*, 376 F. Supp. 1379, 1383 (N.D. Ga. 1974). Although the security instrument must be filed prior to the time of sale with the clerk of court, creditors foreclosing non-judicially are not required to present the note, original or otherwise. *See* O.C.G.A. § 44-14-162. Moreover, as noted above, the Georgia Supreme Court has held that a foreclosing entity is not required to be the holder of the note in order to authorize the power of sale under a security deed. *See You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428, 433 (Ga. 2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").

The undersigned thus finds that Plaintiff has failed to state a plausible claim for relief against the Defendants for their alleged "lack of standing." Accordingly, the undersigned **RECOMMENDS** that Defendants' Motions to Dismiss [6][7] be **GRANTED** with respect to Count II of the Complaint.

### 4.   Violations of Federal and State Laws

In Count III of the Complaint, Plaintiff asserts a claim for "Violations to Federal and State Laws." Comp. at ¶¶ 69-106. In that count, Plaintiff appears to assert claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*. Plaintiff alleges that "Defendant Notice is fraudulently advertised and violates antitrust laws for fraud, conspiracy, criminal racketeering, Mail fraud, fair debt collection, RESPA, TILA." *Id.* at ¶ 71.

### a.   RESPA

Congress enacted RESPA in an effort to provide consumers with more information on the nature and costs of real estate transactions, and to prevent consumers from falling prey to abuses and unnecessarily high costs. *See McCarley v. KPMG Intern.*, 293 Fed. Appx. 719, 722 (11th Cir. 2008). RESPA provides that those making and/or servicing a mortgage loan must make certain disclosures relating to the

servicing of the loan. 12 U.S.C. §§ 2605(a), (b). The lender must disclose, at the time of application, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding. 12 U.S.C. § 2605(a). Further, the loan servicer must generally notify the borrower of any assignment, sale or transfer of the servicing of the loan within 15 days before the effective date. *Id.* at § 2605(b). RESPA does not require notice when the underlying note or mortgage is transferred.

In addition to these automatic disclosures, RESPA requires that a loan servicer respond to a Qualified Written Request ("QWR") from a borrower that meets certain requirements and that seeks "information relating to the servicing of such loan." 12 U.S.C. § 2605(e); *see also* 24 C.F.R. § 3500.21(e). Moreover, RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a QWR for information about a loan, 12 U.S.C. § 2605(f). Claims brought under §§ 2607 or 2608 are subject to a one-year statute of limitation, while claims under § 2605 are governed by a three-year statute of limitations, which begins running when the violation occurs. 12 U.S.C. § 2614.

In this case, although Plaintiff makes a reference to RESPA in passing, she does not explain how either Defendant violated RESPA, nor does she allege any facts to support her claim that the Defendant violated RESPA. Furthermore, JPMorgan Chase argues that, even if she had alleged any facts to support a claim, her RESPA claim must fail because it is time-barred. JPMorgan Chase Br. [6-1] at 19. According to JPMorgan Chase, "[b]ecause all of the alleged wrongful conduct underlying these claims occurred prior to March 1, 2014, they are untimely and must be dismissed." *Id.* Upon a review of the Complaint, the Court finds that it is impossible to discern what Plaintiff is alleging that JPMorgan Chase or Barrett allegedly did that violated RESPA, so it is also impossible to discern the date or dates when those events occurred. Plaintiff, however, has attached to her Complaint a "Notice of Pending Acquisition" from Barrett dated October 21, 2014, and a letter from JPMorgan Chase dated January 31, 2017, and it is not clear whether the Plaintiff is basing her RESPA claim on either this notice or this letter. *See* Comp. Ex. F [1-5], J [1-9].

In any event, Plaintiff does not explain how the actions of either Defendant allegedly violated RESPA, nor does she cite to any provision of RESPA that she claims prohibited either Defendant's alleged conduct. *See Roper v. Bank of America, N.A.*, Civil Action No. 1:11-CV-3412-RWS, 2012 WL 1134805, at *4 (N.D. Ga. Apr. 4, 2012) (dismissing RESPA claim because "Plaintiff [did] not allege[] one fact to

explain how Defendant … violated RESPA, or point[] the Defendant to any provision of RESPA which might even apply."); *see also Boone v. JP Morgan Chase Bank*, 447 Fed. Appx. 961, 964 (11th Cir. 2011) (concluding that "the district court properly dismissed [the plaintiff's] RESPA claim because she did not provide any details to explain how [the defendant] violated the Act nor provide any factual allegations in support of her claim"). Plaintiff has therefore failed to state a claim for relief under RESPA.

### b.   FDCPA

Plaintiff also makes passing reference to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* To the extent this reference was intended to assert a claim under this statute, it also would fail as a matter of law.

"To prevail on a FDCPA claim, a plaintiff must establish that: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (quotation marks and citations omitted). It is well established that the FDCPA applies only to "debt collectors" and not to creditors or servicers. *See* 15 U.S.C. § 1692a(6); *see also Correa v. BAC Home Loans Servicing*

27

*LP*, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *11 (M.D. Fla. Apr. 9, 2012) (the "critical element is whether the defendant is a debt collector" as defined under the statute).

> The FDCPA defines a "debt collector" as:
>
> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third party is collecting or attempting to collect such debts. For the purpose of section 1692f(6) . . . , such term also includes any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692(a)(6).

The statute also excludes from the definition of "debt collector" altogether any person who acquires a debt before it is in default. *See* 15 U.S.C. § 1692a(6)(F). This exclusion "has been interpreted by courts to mean that mortgage servicers are not covered by the FDCPA if they began servicing the loan at a time when it was not in default." *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1375 (N.D. Ga. 2012). Moreover, a non-originating debt holder "who does not otherwise meet the requirements of § 1692a(6) is not a 'debt collector' under the FDCPA, even where the consumer's debt was in default at the time the [debt holder] acquired it." *Davidson v.*

*Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1316 (11th Cir. 2015). A plaintiff's ability to properly classify a defendant as a debt collector is critical because the "FDCPA applies only to 'debt collectors' whose conduct involves the collection of a debt." *Evans v. Appalachian Mountain Serv., Inc.,* No. CV611-037, 2011 WL 3739552, at *2 (S.D. Ga. Aug. 24, 2011) (citation omitted); *see also Mills v. JP Morgan Chase Bank*, No. 1:11–CV–3709–JEC–LTW, 2012 WL 4086508, at *9 (N.D. Ga. July 23, 2012) (Walker, M.J.) (the complaint was subject to dismissal because, among other things, "[p]laintiffs fail to allege any specific facts indicating that [the defendant] regularly attempts to collect debts, that the principal purpose of its business is the collection of debts, or that the principal purpose of its business is the enforcement of security interests"), Report and Recommendation adopted in 2012 WL 4075634 (N.D. Ga. Aug. 14, 2012) (Carnes, J.); *Correa*, 2012 WL 1176701, at *12 (holding that because the plaintiff cited only the general definition of a "debt collector" and stated that defendants are debt collectors in a conclusory manner, the plaintiff failed to allege facts sufficient to state a claim for relief under the FDCPA).

Furthermore, exercising or threatening to exercise an enforceable security interest in property through foreclosure is not considered "debt collection activity" for purposes of the FDCPA, unless the creditor lacks a genuine intention to take possession of the property, or unless the property is exempt from dispossession or

disablement. 15 U.S.C. §§ 1692g, 1692f(6); *see also Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009) (holding that "foreclosing on a security interest is not debt collection activity for purposes of § 1692g").

In this case, Plaintiff has asserted no facts in the Complaint to demonstrate a plausible claim that either Defendant meets the statutory definition of "debt collector," or was engaging in "debt collection activity" under these standards. As discussed above, Plaintiff asserts no facts at all to suggest that either Defendant lacked authority to foreclose through possession of an enforceable security deed. She also fails to allege that either Defendant engaged in any activity that would otherwise violate the FDCPA. Accordingly, the Plaintiff has failed to allege sufficient facts to state a plausible claim under the FDCPA against either Defendant.

c.     TILA

Although Plaintiff briefly mentions "TILA" in the Complaint, she has failed to allege any facts to support any claim under TILA. Comp. at ¶ 71. Under TILA, a debtor must bring a claim for statutory damages within one year of the date of the occurrence of the violation, which means when the loan transaction is executed. 15 U.S.C. § 1640(e); *see In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984).

The documents attached to the Complaint indicate that Plaintiff obtained her original mortgage loan from Fidelity National on November 29, 1996. Comp.,

Ex. D [1-4]. Thus, the time for filing a claim of damages under TILA expired on or about November 29, 1997. In addition, pursuant to Regulation Z, if a lender fails to provide certain material disclosures, a debtor has the right to rescind certain loan transactions governed by TILA for up to three years after the loan is made, but a "residential mortgage transaction" is non-rescindable under this provision. 15 U.S.C. §§ 1635(e)(1) and (f); *see also* 12 C.F.R. §§ 226.15(f), 226.23(a)(3), 226.23(f), and 226.32(a)(2)(ii) (sections of Regulation Z excluding residential mortgage loans from rescission). Finally, Plaintiff does not allege that either Defendant was the original lender, and the loan documents show that Fidelity National was the lender on the Plaintiff's mortgage, not JPMorgan Chase or Barrett. Accordingly, Plaintiff has failed to allege sufficient facts to state a plausible claim under TILA against either Defendant.

### d.    State Laws

Finally, Plaintiff makes a general reference in Count III to the Defendants' alleged violation of various "state laws." *See* Comp. at ¶¶ 69-106. Plaintiff alleges that "Defendant Notice is fraudulently advertised and violates antitrust laws for fraud, conspiracy, criminal racketeering, Mail fraud, fair debt collection, RESPA, TILA." *Id.* at ¶ 71. To the extent that Plaintiff is asserting a claim for "fraud" under Georgia law, Plaintiff's separate claim for "fraudulent practices" is discussed below with

respect to Count IV. Moreover, the Court finds that Plaintiff has failed to allege any facts to support a claim for conspiracy, criminal racketeering, or mail fraud.

Plaintiff also alleges in Count III that "Chase is required by law to produce the Note in its wet-ink form and **original Deed of said property of authenticity of all terms, conditions, signatures, in their original form and the Note together forming the basis of ownership**." Comp. at ¶ 87 (emphasis in original). As discussed above, however, any claim under Georgia law based on JPMorgan Chase's failure to "produce the note" is meritless. A demand to "produce the note" is often asserted as a defense to a foreclosure action in state court. *See, e.g., Frazier v. National City Bank, NA*, 2005 WL 2671371, at *4 (S.D. Ohio Oct. 19, 2005). The argument has been rejected in Georgia and other states. *See, e.g., Bacon v. Decatur Federal Savings & Loan Ass'n*, 313 S.E.2d 727, 728 (Ga. Ct. App. 1984) (the best-evidence rule was inapplicable in connection with admission of copies of original notes and security deeds; production of originals not required); *Tanner v. Batson*, 166 So. 545, 546 (Fla. 1936) (alleged failure to produce original note or establish satisfactory reason for its absence held not fatal).

The undersigned thus finds that Plaintiff has failed to state a plausible claim for relief against Defendants under RESPA, the FDCPA, TILA, or other "state laws" that Plaintiff mentions in Count III. Accordingly, the undersigned **RECOMMENDS** that

the Defendants' Motions to Dismiss [6][7] be **GRANTED** with respect to Count III of the Complaint.

5.    Fraudulent Practices

In Count IV of the Complaint, Plaintiff asserts a claim for "Fraudulent Practices" and "Violations of Plaintiff's civil rights: Depriving a right of Property Fourteenth Amendments pursuant to 42 U.S.C. § 1983" Comp. at ¶¶ 107-119. As Judge Duffey held in the First Action, any claim for a violation of 42 U.S.C. § 1983 must be dismissed because the Plaintiff has not shown that either Defendant was a state actor. *See* JPMorgan Chase Mot., Ex. B [6-3]. Moreover, the Court also finds that Plaintiff has failed to allege any facts to support a claim for fraud.

Under Georgia law, to be actionable as fraud, misrepresentations must be acted upon by the person allegedly defrauded. O.C.G.A. § 23-2-52. The elements of civil fraud are: (1) a false representation by defendants; (2) scienter, (3) an intention to induce plaintiff to act or refrain from acting in reliance upon the representations; (4) plaintiff's justifiable reliance on the false statements; and (5) damages resulting from such reliance. *See Hicks v. Sumter Bank & Trust Co.*, 604 S.E.2d 594, 598 (Ga. Ct. App. 2004).

Moreover, a plaintiff must plead fraud with particularity. *See* O.C.G.A. § 9-11-9; *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with

33

particularity the circumstances constituting fraud or mistake."). The particularity rule alerts defendants to "the precise misconduct with which they are charged and protect[s] defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotes omitted). The Eleventh Circuit has held that "under Rule 9(b), the Plaintiffs must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (*citing Fitch v. Radnor Industries, Ltd.*, Civil Action No. 90-2084, 1990 WL 150110, at *2 (E.D. Pa. Sept. 27, 1990)); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002). In other words, "to avoid dismissal, a complaint alleging fraud must plead the 'who, what, when, where and how' of the alleged fraud." *Graham v. Mortgage Electronic Registration Systems, Inc.*, Civil Action No. 2:11-CV-00253-RWS, 2012 WL 527665, at *3 (N.D. Ga. Feb. 17, 2012) (*citing Mathis v. Velsicol Chemical Corp.*, 786 F.Supp. 971, 976-77 (N.D. Ga. 1991).

Furthermore, a claim of fraud must generally be premised on false representations related to existing facts or past acts, not to future acts or promises. However, "[w]hile fraud cannot generally be based on instances of misrepresentations as to future events, it may consist of such instances if, when the misrepresentation is made, the defendant knows that the future event will not take place." *Hayes v. Hallmark Apartments, Inc.*, 207 S.E.2d 197, 199 (Ga. 1974); *see also Perimeter Realty v. GAPI, Inc.*, 533 S.E.2d 136, 147 (Ga. Ct. App. 2000) (a false promise made to induce one to enter into a contract is an exception to the rule that fraud cannot be premised on future promises).

In this case, the undersigned finds that Plaintiff fails to allege the required elements of fraud with sufficient particularity under Rule 9(b). Plaintiff has not alleged facts that would be sufficient to establish the "who, what, when, where, and how" of JPMorgan Chase's or Barrett's alleged fraud or sufficient facts to allow the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Significantly, although Plaintiff alleges generally that she was harmed by JPMorgan Chase and Barrett, she fails to explain what specific misrepresentation either Defendant made, or how she was harmed by any alleged misrepresentation.

The undersigned thus finds that Plaintiff has failed to state a plausible claim for relief against the Defendants for fraudulent practices. Accordingly, the undersigned

35

**RECOMMENDS** that Defendants' Motions to Dismiss [6][7] be **GRANTED** with respect to Count IV of the Complaint.

      D.     *Plaintiff's Motion for Default Judgment*

      On May 1, 2017, Plaintiff filed a Motion for Default Judgment [10] against Barrett. Plaintiff alleges that Defendant Barrett failed to respond to the Complaint within the time required under the Federal Rules of Civil Procedure. The docket reflects that Barrett was served with a copy of the summons and Complaint on March 2, 2017, and that its answer or other response to the Complaint was due on or before March 23, 2017. *See* Proof of Service [3]; *see also* Fed. R. Civ. P. 12(a)(1) (a defendant must generally serve an answer within 21 days after being served with the summons and complaint). The docket further reflects that Barrett filed its Motion to Dismiss [7] on that day, March 23, 2017.

      It appears that Plaintiff is requesting that the Clerk enter a default against Barrett pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Plaintiff, however, has not shown that Barrett has failed to plead or otherwise defend this action. Instead, the docket reflects

that Barrett responded to the Complaint within the time period required by the Federal Rules of Civil Procedure.

As noted, Barrett filed a Motion to Dismiss on March 23, 2017. When a defendant files a motion to dismiss pursuant to Rule 12, that defendant is not required to file an answer to the complaint until fourteen days after receiving notice of the District Court's final order denying or postponing the motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A). Because Barrett's Motion to Dismiss [7] is still pending before the Court, there has been no final order entered, and no answer is required.

Accordingly, the Court finds that Barrett timely responded to the Complaint, and thus **RECOMMENDS** that Plaintiff's Motion for Default Judgment [10] be **DENIED**.

## III.   RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED** that the Defendants' Motions to Dismiss [6][7] be **GRANTED** and that all of Plaintiff's claims be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Default Judgment [10] be **DENIED**.

37

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 24th day of October, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE