# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LORNA NEMBHARD,

                **Plaintiff,**

   **v.**

BARRETT DAFFIN FRAPPIER
LEVINE & BLOCK, LLP, and JP
MORGAN CHASE BANK,
NATIONAL,

                **Defendants.**

                          **1:17-cv-746-WSD**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [21] ("R&R"). The R&R considers Defendant JP Morgan Chase Bank National's ("Chase") Motion to Dismiss [6], Defendant Barrett Daffin Frappier Levine & Block, LLP's, ("Barrett") Motion to Dismiss [7] (collectively the "Motions to Dismiss"), and the "Plaintiff's Motion for Default Judgment against Barrett, Daffin, Frappier, Levine & Block LLP Never Answered to the Complaint Introduction") [10] ("Motion for Default Judgment"). Plaintiff Lorna Nembhard ("Nembhard") filed a *pro se* response to the R&R entitled "Plaintiff's Objections to the Article I Judge's R&R Involvement at Pleading Stage

Pursuant to 28 U.S.C. § 636(b)(1(A)" [23] and a Motion for Leave to File Excess

Pages [24]. Chased filed a response to Plaintiff's objections [25].

## I. BACKGROUND[1]

### A. Plaintiff's First Action

On October 29, 2013, Plaintiff filed an action in the Superior Court of

Gwinnett County against JPMorgan Chase and Martin & Brunavs ("First Action").

See Chase Mot., Ex. A [6-2] (complaint in Superior Court Case No. 13-A-09220-

9). Plaintiff styled her complaint in the First Action an "Emergency Petition for

Stay of Previous Discharge Order and Injunction to Halt Foreclosure of

Petitioner's Property Due to an Illegal Transfer and Failure by Respondents to

Produce Original Note, Schedules, Warranty Deed Show Voluntary Consent." Id.

In the First Action, Plaintiff asserted claims for violation of 42 U.S.C. § 1983 and

various state laws based on perceived defects in the assignment of her mortgage

and Chase's alleged lack of standing to foreclose on the Property. Id. Plaintiff

alleged that "the controlling issues are whether or not Respondents' [sic] have

established rights to Petitioner's real property under unsecured debt." Id. at 7 ¶ 2.

On November 27, 2013, the First Action was removed to this Court, as Civil

---

[1] The Court takes this background information from the R&R and the record. Plaintiff objected to the background on pages 2-6 of the R&R as "a complete falsehood of conclusory analysis written by an unconstitutional radical." ([23] at 11). After conducting a *de novo* review, the Court adopts those findings.

Action No. 1:13-CV-3957-WSD.  On April 29, 2014, the Court entered an Order

dismissing Plaintiff's claim for violation of 42 U.S.C. § 1983 on the basis that

neither defendant was a state actor, and remanding the action to the Superior Court

to address the remaining state law claims after declining to exercise supplemental

jurisdiction.  See Chase Mot., Ex. B [6-3].  On July 10, 2014, the Superior Court

granted Chase's Motion to Dismiss the First Action.  See Chase Mot., Ex. C [6-4]

at 4 ("As to the claim that Respondents are unable to produce the Note, there is no

such legal requirement.").  Thereafter, Plaintiff filed a Motion for Reconsideration,

which was also denied by the Superior Court on November 3, 2014.  See Chase

Mot., Exs. D [6-5] and E [6-6].  Plaintiff's appeals to the Georgia Court of Appeals

were also denied.  See Chase Mot., Exs. F-H [6-7 through 6-10]. On October 26,

2016, the Superior Court entered an Order granting Chase's Motion for Bill of

Peace and permanently enjoining Plaintiff from "filing or serving any pleadings or

suits related to the foreclosure and disposition of the [Property]" in the action

without prior permission.  See Chase Mot., Ex. K [6-12] at 3.

      B.     Plaintiff's Current Action

On March 1, 2017, Plaintiff filed an "Emergency Injunction to Halt

Wrongful Foreclosure and to Request to Produce Original Note, with Mortgage

Schedules, Warranty Deed, Land Titles with ALL Endorsements from Level III

Audit" [1] ("Complaint") in this Court. The allegations set forth below are taken from the Plaintiff's Complaint [1] and its attached exhibits.

On November 29, 1996, Plaintiff obtained a mortgage loan in the amount of $68,967.00 from Fidelity National Mortgage Corporation ("Fidelity National"). Comp., Ex. D [1-4] at 2 (Security Deed dated November 29, 1996). The loan was secured by a deed ("Security Deed") to the Plaintiff's residence located at 6422 Wedgeview Drive, Tucker, Georgia 30084 (the "Property"). Id. Under the terms of the Security Deed, Plaintiff "grant[ed] and convey[ed] to [Fidelity National] and [Fidelity National's] successors and assigns, with power of sale, the [Property]." Id. On May 14, 2016, Fidelity National assigned its rights under the Security Deed to Chase Manhattan Mortgage Corporation ("Chase Manhattan"). Comp., Ex. B [1-2] ("Assignment")[2].

In the Complaint, Plaintiff alleges that there is "no evidence presented by Defendants perfecting JPMorgan Chase Bank as creditor instead of the alleged lender Fidelity National Mortgage Corp or Fidelity National Bank." Comp. at ¶ 4. She states that she "disputes the validity of the 'Assignment and Transfer of Mortgage' because bifurcation of the Note to claim the Note was lost created a

---

[2]     Chase Home Finance, LLC "is the successor by merger of Chase Manhattan Mortgage Corporation, and, in turn, merged into JPMorgan Chase Bank, N.A., effective May 1, 2011." Harris v. Chase Home Fin., LLC, No. 4:11-cv-0116-HLM, 2011 WL 13131289, at *2 (N.D. Ga. Dec. 21, 2011); see also Order [4] dated March 7, 2017; Chase Br. [6-1] at 20.

nullity and cloud around the titles under contract law; rendering the alleged assignment to JPMorgan Chase Bank an illegal transaction unsupported by any endorsements on the Note." Id. at ¶ 8. Plaintiff claims that the "alleged assignment is defected and fraud." Id. at ¶ 10.

Plaintiff asserts multiple counts in the Complaint. In Count I, she asserts a claim for "common law mortgage fraud." Id. at ¶¶ 1-19. In Count II, she asserts a claim for "Barrett Daffin Frappier Levine & Block, LLP or JPMorgan Chase Bank Lack Standing." Id. at ¶¶ 20-68. In Count III, she asserts a claim for "Violations to Federal and State Laws." Id. at ¶¶ 69-106. In that count, Plaintiff appears to assert claims for violations of the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., and she also references the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*. In Count IV, she asserts a claim for "Fraudulent Practices" and "Violations of Plaintiff's civil rights: Depriving a right of Property Fourteenth Amendments pursuant to 42 U.S.C. § 1983." Id. at ¶¶ 107-119.

On March 23, 2017, Chase filed its Motion to Dismiss for failure to state a claim [6]. Chase asserts that Plaintiff's action is barred by claim preclusion (*res judicata*) and issue preclusion. Chase also asserts that Plaintiff's RESPA and TILA claims are barred by the statute of limitations. Chase further argues that

Plaintiff's Complaint fails to state a claim because all of her claims are predicated on the erroneous legal theory that Chase lacks standing to foreclose or that the Assignment of the Security Deed is invalid.

Defendant Barrett also filed a motion to dismiss on March 23, 2017 [7]. Barrett asserts that Plaintiff's claims are barred as *res judicata*, that Plaintiff's Complaint is an impermissible shotgun pleading, and that Plaintiff's claims fail as a matter of law.

On May 2, 2017, Plaintiff filed her Motion for Default Judgment against Barrett [10], arguing that Barrett failed to timely file an answer to the Complaint.

On October 24, 2017, Magistrate Judge Justin S. Anand issued his R&R recommending that Defendants' Motions to Dismiss [6][7] be granted, that all of Plaintiff's claims be dismissed, and that Plaintiff's Motion for Default Judgment [10] be denied as moot.

On November 8, 2017, Plaintiff filed her "Plaintiff's Objections to the Article I Judge's R&R Involvement at Pleading Stage Pursuant to 28 U.S.C. § 636(b)(1(A)" [23].

## II.    DISCUSSION

### A.    Legal Standard

#### 1.    Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

#### 2.    Motion to Dismiss for Failure to State a Claim

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the

complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true."  Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)).  Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true.  See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

     "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)).  Mere "labels and conclusions" are insufficient.   Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims

across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

B.    Analysis

Plaintiff filed a 41-page rambling Objection to the R&R. Much of Plaintiff's Objection is indecipherable, repetitive, and fails to (1) identify the portions of the proposed findings and recommendations in the R&R to which objection is made, (2) explain a specific basis for any objection, or (3) state how the findings and recommendations of the Magistrate Judge are factually or legally incorrect. See Leatherwood v. Anna's Linens Co., 384 F. App'x 853, 856-57 (11th Cir. 2010) (to obtain a *de novo* review of an issue by the district court, a party must identify specific findings set forth in a report and recommendation and articulate a legal ground for the objection); Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general

objection to the report."); <u>Heath v. Jones</u>, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection"); <u>Marsden v. Moore</u>, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").  Mindful of Plaintiff's *pro se* status, however, the Court will endeavor to identify specific issues raised in Plaintiff's rambling Objection and conduct a *de novo* review of the R&R with respect to those issues.[3]

               1.      <u>The Authority of the Magistrate Judge to Issue a Report and Recommendation</u>

Plaintiff repeatedly questions the authority of the Magistrate Judge to issue a Report and Recommendation.  (<u>See, e.g.</u>, [23] at 1 ("Judge Anand isn't recognized in the Constitution for Federal Court jurisdiction"), 3 ("dumb Harvard tyrant" and "imposture [sic] Article I Judge Anand," "Anand's illegal involvement"), 4

---

[3]    Plaintiff filed a motion to exceed the page limit for an objection [24], arguing that additional pages were needed to respond to the 38-page R&R.  In view of the rambling and repetitive nature of Plaintiff's Objection, good cause does not exist to exceed the page limitation.  However, because the Court has considered the substantive arguments raised in Plaintiff's Objection, the Court deems Plaintiff's motion moot.

("Plaintiff does not submit to an unlawful, unconstitutional and unauthorized court"), ("illegal rogue commissioner") 11 ("unconstitutional radical"), 15 ("illegal court") 17 ("illegal unqualified Article I Court"), 19 ("Anand's Court of Illegal Resort")).  28 U.S.C. § 636(b)(1)(B) authorizes a magistrate judge "to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)." Subparagraph (A) includes motions to dismiss for failure to state a claim upon which relief can be granted.  The Final Report and Recommendation on a Motion to Dismiss [21] submitted by Magistrate Judge Anand comports with 28 U.S.C. § 636(b)(1)(B) and constitutes a proper exercise of authority granted by Congress in accordance with Article I of the Constitution.

> 2.  Defendants' Motions to Dismiss

> a.  Res Judicata

The Magistrate Judge found, and the Court agrees, that "because the Plaintiff's claims asserted in this action arose out of the same events at issue in the First Action, *res judicata* bars the Plaintiff from reasserting those claims in this action."  ([21] at 10).  "Res judicata, or more properly claim preclusion, is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy."  In re Atlanta

Retail, Inc., 456 F.3d 1277, 1284 (11th Cir. 2006). Res judicata "not only bars matters *actually litigated* in the earlier action; when it applies, res judicata also bars every claim which might have been presented in the earlier action." Langermann v. Dubbin, 613 F. App'x 850, 853 (11th Cir. 2015) (emphasis in original) (citing Atlanta Retail, 456 F.3d at 1285). Res judicata applies if four elements are met: (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) between the same parties, or their privies; and (4) the causes of action involved in both cases are the same. Id. (citing Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)).

Applying these factors, the Magistrate Judge found that the First Action resulted in the entry of a final judgment on the merits by a court of competent jurisdiction. In the First action, a final judgment was entered by this Court, and the Superior Court of Gwinnett County, courts of competent jurisdiction. A dismissal with prejudice is a final decision. *Hart* v. Yamaha–Parts Distributors, Inc., 787 F.2d 1468, 1470 (11th Cir.1986) ("A dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise."). Plaintiff's arguments that the Superior Court Action was "unlawfully decided" and affirmed by "unlawful judges" ([23] at 8-9) are meritless.

The Magistrate also correctly found that the parties to both actions are identical, or are otherwise in privity with the same parties. In the First Action, the Plaintiff named as defendants JPMorgan Chase and its law firm acting as its agent, Martin & Brunavs. In this action, Plaintiff has named as Defendants JPMorgan Chase and its law firm acting as its agent, Barrett."

With respect to the final element, under Georgia law, all claims for relief that concern "the same subject matter" must be raised in the first action because "[a]ny claims for relief concerning the same subject matter that are not raised are thereafter barred under O.C.G.A. § 9-12-40." Bennett v. Cotton, 536 S.E.2d 802, 804 (Ga. Ct. App. 2000). Thus, res judicata may not be avoided merely by requesting different relief in a subsequent suit. McBride v. Chilivis, 255 S.E.2d 80, 81 (Ga. Ct. App. 1979). The Magistrate Judge noted that in both cases Plaintiff based her claims on her allegation that JPMorgan Chase does not have standing to foreclose on her Property because it has not produced the original Promissory Note or otherwise proven that it is the owner of the Note. ([21] at 9, citing Maxwell v. U.S. Bank Nat'l Assoc., 544 Fed. Appx. 470, 472 (5th Cir. Oct. 13, 2013)). That Plaintiff sued a different law firm and "couched" her claim in different language ([23] at 8–11, 21–22, 24) is irrelevant to the analysis. See Crowe v. Elder, 723

S.E.2d 428, 430-31 (Ga. 2012); Harris v. Deutsch Bank Nat'l Trust Co., 792

S.E.2d 111, 114 (Ga. 2016).

Having conducted a *de novo* review of the record, the Court agrees with the

Magistrate Judge's finding and recommendation that Defendants' Motions to

Dismiss [6][7] be granted because Plaintiff's claims are barred by the principle of

res judicata. Plaintiff's objection to the recommendation that the motions not be

granted on grounds of res judicata is overruled.

b.    Failure to State a Claim

The Magistrate Judge provided several alternative reasons for granting

Defendants' motions. The Court agrees with those justifications.

1.    Shotgun Pleading

The Magistrate Judge concluded that Plaintiff's Complaint is an

impermissible shotgun pleading. A shotgun pleading is defined by "the failure to

identify claims with sufficient clarity to enable the defendant to frame a responsive

pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th

Cir. 2005). "The typical shotgun complaint contains several counts, each one

incorporating by reference the allegations of its predecessors, leading to a situation

where most of the counts . . . contain irrelevant factual allegations and legal

conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,

305 F.3d 1293, 1295 (11th Cir. 2002); see also Ferrell v. Durbin, 311 F. App'x 253, 259 (11th Cir. 2009). Shotgun pleadings often include conclusory or vague allegations, fail to specify which defendant is responsible for each act alleged, or contain counts that present more than one discrete claim for relief. See Silverthorne v. Yeaman, 668 F. App'x 354, 355 (11th Cir. 2016); Beckwith, 146 F. App'x at 372.[4] As a result, the district court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). "Thus, shotgun pleadings impede the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice." Guthrie v. Wells Fargo Home Mortg. NA, No. 1:13-cv-4226-RWS, 2014 WL 3749305, at *7 (N.D. Ga. July 28, 2014).

The Eleventh Circuit has specifically instructed district courts to prohibit shotgun pleadings as fatally defective. Id. (citing B.L.E. ex rel. Jefferson v. Georgia, 335 F. App'x 962, 963 (11th Cir. 2009)). To allow these pleadings would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which

---

[4]    With a shotgun pleading, it is often difficult to know which allegations of fact are intended to support which claims for relief. Beckwith, 146 F. App'x at 372; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

claim is directed at which defendant." Beckwith, 146 F. App'x at 373. The

Eleventh Circuit does not require the district court, or the defendants, to "sift

through the facts presented and decide for [itself] which were material to the

particular cause of action asserted." Strategic Income Fund, 305 F.3d at 1296 n.9.

This is true even where the plaintiff is *pro se*. *Pro se* plaintiffs "must comply with

the procedural rules that govern pleadings," including the rule against shotgun

pleadings. Beckwith, 146 F. App'x at 371.

> These rules work together 'to require the pleader to present his claims
> discretely and succinctly, so that his adversary can discern what he is
> claiming and frame a responsive pleading, the court can determine
> which facts support which claims and whether the plaintiff has stated
> any claims upon which relief can be granted, and, at trial, the court
> can determine that evidence which is relevant and that which is not.'

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting

T.D.S. v. Shelby Mut. Ins. Co.,760 F.2d 1520, 1543 n. 14 (11th Cir. 1985)).

Plaintiff's Complaint contains four counts, and each count incorporates

previous allegations in the Complaint—making it impossible to decipher which

factual allegations and legal conclusions apply to which count. The Court will not

"sift through" the Plaintiff's various factual and legal allegations to determine

which ones are material to which particular causes of action. The Complaint also

contains generalized and conclusive allegations against "Defendant" or "Defendant

Notice" in an action with two party Defendants. (See e.g., Compl. ¶¶ 7, 71).

Plaintiff's Complaint thus warrants dismissal on the grounds that it is "shotgun" pleading and "fatally defective."

The Court finds Plaintiff's objection to the Magistrate Judge's determination that Plaintiff's complaint is a shotgun pleading ([23] at 24-26), even when liberally construed, to be nonresponsive, vague, and conclusory. Plaintiff's objection is invalid as it fails to specify how the findings and recommendations of the Magistrate Judge are factually or legally incorrect. See Leatherwood, 384 F. App'x at 856-57; Macort, 208 F. App'x at 784; Heath, 863 F.2d at 822; Marsden, 847 F.2d at 1548.

2.    Plaintiff's Claims

The Magistrate Judge also found in the alternative that Plaintiff failed to state a plausible claim for relief against Defendants for "common law mortgage fraud" (Count I), lack of standing (Count II), violation of various federal and state laws, including RESPA, FDCPA, TILA, antitrust, mail fraud, conspiracy, criminal racketeering (Count III), fraudulent practices and violation of Plaintiff's civil rights (Count IV). Plaintiff's Objection reiterates the rambling allegations of the Complaint and mentions the Magistrate Judge's recommendations with respect to these claims. But Plaintiff does not specify how the findings and recommendations of the Magistrate Judge are factually or legally incorrect. The Court finds these

objections, even when liberally construed, do not state a valid objection to the findings and recommendations of the Magistrate Judge.  See Leatherwood, 384 F. App'x at 856-57; Macort, 208 F. App'x at 784; Heath, 863 F.2d at 822; Marsden, 847 F.2d at 1548.

To the extent Plaintiff has validly objected to the R&R as failing to address her argument that Defendants are barred from attempting foreclosure by a statute of limitation ([23] at 7–8, 10, 13–14, 16–17, 19–20, 27–28, 34), Plaintiff's objection is overruled.  Plaintiff does not support her claim that Chase is time-barred from invoking the power of foreclosure under the Security Deed with any facts or law.  Chase argues that "[t]he Security Deed is an instrument under seal, and thus claims arising under the Security Deed are governed by the 20-year statute of limitations in O.C.G.A. § 9-3-23 (*see* Compl, Ex. D [Doc. 1-4 at 2, 6]), not a limitation period of six years or less," as suggested by Plaintiff.  ([25] at 4-5). The Court agrees.  See Malone v. Fed. Home Loan Mortg. Corp., No. 2016 WL 2766644, at *4 (M.D. Ga. May 12, 2016) (finding that security deed like one at issue here was an instrument under seal and subject to a 20-year statute of limitation).  Plaintiff has not alleged any facts even suggesting that any claim belonging to Chase under the Security Deed accrued more than 20 years prior to the filing of the Complaint.  Plaintiff's objection is overruled.

In sum, the Court, upon its *de novo* review, overrules the objections asserted by Plaintiff to the R&R. For those portions of the R&R for which an objection was not asserted, the Court finds that the Magistrate Judge did not plainly err in his findings and recommendations in the Final R&R, and the Final R&R is adopted by the Court.

### 3. Plaintiff's Motion for Default Judgment

The Magistrate Judge concluded, and the Court agrees, that Plaintiff's Motion for Default Judgment [10] should be denied. After conducting a *de novo* review, the Court concludes that Defendant Barrett timely responded to the Complaint, filed March 1, 2017, by filing a motion to dismiss [7] on March 23, 2017. *See* Proof of Service [3]; *see also* Fed. R. Civ. P. 12(a)(1) (a defendant must generally serve an answer within 21 days after being served with the summons and complaint). Plaintiff's objection is overruled.

### 4. Dismissal with Prejudice

The Magistrate Judge concluded that amendment of Plaintiff's Complaint would be futile because Plaintiff's allegations demonstrate that she cannot state a claim for relief under any legal theory. The Court agrees. Plaintiff's claims are dismissed with prejudice. See Taylor v. McSwain, 335 F. App'x 32, 33 (11th Cir. 2009) (per curiam) (courts should not dismiss a *pro se* plaintiff's complaint with

prejudice "without first giving the plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim."); Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."); Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections to the Article I Judge's R&R Involvement at Pleading Stage Pursuant to 28 U.S.C. § 636(b)(1(A)" [23] is **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Excess Pages [24] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [21] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant JP Morgan Chase Bank National's Motion to Dismiss [6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Barrett Daffin Frappier Levine & Block, LLP's, Motion to Dismiss [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [10] is **DENIED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 5th day of January, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE